# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

May 14, 2014

ECF and by hand as per Court's Rule 1 (C)

Honorable Debra Freeman
United States District Judge
500 Pearl Street
NY, NYC 10007

Re:     **United States v. Carlos Lopez-Mejia**
        **14Cr.226(ALC)**

Your Honor:

On May 12, 2014, your honor heard our application to modify Mr. Carlos Lopez-Mejia's application for a reduction of his current bail financial condition of $10,000 to $4000 because he was unable to raise the higher amount, but family and friends had raised $4000 which can be posted. Mr. Carlos Lopez-Mejia's indigency and inability to post $10,000 was represented on the record by counsel and therefore implicates 18 U.S.C. 1342 (c)(2) as a result of which, since the financial component of the bail conditions cannot be met by our client, that component results in his pretrial detention, a clear violation of the above statute.

Two of the required cosigners have already cosigned an appearance bond for $250,000, and I am informed that two more who have been pre-approved by the government will do so on or about May 14 and $4000 have been collected and can be posted at a moment's notice if your Honor grants our application.

Your Honor asked what efforts had been made to raise the $10,000. I informed Your Honor, that my paralegal, and I had been on the telephone frequently this past month pursuing several people as potential cosigners and contributors of funds and that we concluded and I represented to you and do so again that no more than $4000 could be raised on our client's behalf and that <u>he</u> had no resources.

As an example of our efforts, I attach the full text of an e-mail exchange of 4/18/2014 between Yohani Perez –Mr. Lopez-Mejia's girl friend- and me, showing part of the efforts my office has made.

Honorable Debra Freeman
United States District Judge

page 2

Re: <ins>United States v. Carlos Lopez-Mejia</ins>
14Cr.226(ALC)

Ms. Perez,

What you see bellow are Mr. Lopez' bail conditions which are required to be met before he is to be released. He just told me by phone that four (4) people are available to co-sign his bond and that there are $3000 available. Unfortunately, the phone communication was awful so that I couldn't get from him the full details of who the proposed co-signers are or anything else about them.

04/11/2014 Minute Entry for proceedings held before Magistrate Judge Andrew J. Peck:Initial Appearance on disposition sheet as to Carlos Lopez-Mejia held on 4/11/2014. Deft present with atty Roland Thau. AUSA Elisha Kobre present. $250,000 PRB, 3 FRP, Secured by $10,000 Cash, Travel restricted to SDNY/EDNY; Surrender travel documents (& No new applications), Strict pretrial supervision, Deft to be detained until all conditions are met. (jw) (Entered: 04/14/2014)

I would like to make an application to modify/reduce Mr. Lopez' bail but need more certain information about all the resources available. As I was writing this, your brother Gabriel called me, saying that he is employed and would cosign. That's why I am copying him in this email.

**Please contact my paralegal colleague Eugenie Montaigne at 212 417-8767 and at her email address above with all the information and for her instructions about the papers required for the posting of bail, as she is in charge of this process and is very efficient at it.**

<ins>NUNI</ins> Ms. Perez' tel. # 718 637-0863, her brother Gabriel P, 845 893-6808.

Roland Thau
Staff Attorney
Federal Defenders of NY
52 Duane Street, NY 10007
Phone: 212-417-8733
Fax: 212-571-0392

Honorable Debra Freeman
United States District Judge

page 3

Re: <u>United States v. Carlos Lopez-Mejia</u>
14Cr.226(ALC)

From: Yohani Perez <yohani.perez@gmail.com>
To: roland_thau@fd.org
Date: 04/18/2014 09:50 AM
Subject: Carlos Alberto Lopez Mejia BOP#90844054

I am Carlos fiancé Yohani Perez and would like to know what is the next step. Since I talk to fast I will email you. I don't have proof of income but my brother and Carlos sister and 2 others do and are willing to help. Please let me know what has to be done.

--

Yohani Perez


      But Your Honor deemed my representation insufficient and reserved decision on our application pending receipt of our letter setting forth in as many details as we could what efforts my office had made to pursue friends, contacts, relatives of our client who might and would raise the required funds; what financial means or assets these people might have and might be able and willing to post, and what efforts they themselves had made to raise and post the required amount and by implication, whom they had contacted down the line of potential benefactors of our client for the required purpose.

      To that end, I attach an email from our paralegal Kate Hadley who has spent a significant amount of time and many phone calls to a number of people. This email is by no means the only work-product communication I've had from Ms. Hadley.

Hi Roland,

The information I have so far is this: the family asked around to many friends and family to ask them to chip in for the bail. $1500 was borrowed from people in Santo Domingo, Dominican Republic. About another 1500 came from a friend, and the remainder came from the savings of one of Mr. Lopez-Mejia's sister.

Do you need more information than that, or is that specific enough for you to write the letter?

Kate


Kate Hadley
Paralegal
Federal Defenders of New York, Inc.
52 Duane Street-10th Floor, New York, New York 10007
Tel: (212) 417-8735
Fax: (212) 571-0392

      My legal research has not turned up any authority dealing with whether, concerning a

Re: <u>United States v. Carlos Lopez-Mejia</u>
   14Cr.226(ALC)

defendant's ability or inability to post the financial condition set by the court, the court should look only to the <u>defendant's own assets and assets within his control</u>, or whether the court may reject a defendant's assertion of inability by looking to the assets of others; relatives, friends, neighbors, etc., It would seem to me, as a matter of fairness that if the court credits the defendant's claim of inability and his counsel has made futile attempts to have others contribute more than they have already contributed ($4000, here), it would be inappropriate to reject the claim of inability if the defendant were impoverished, but his grandmother was a billionairess who refused to help.

    Accordingly, we respectfully suggest that Your Honor reduce the financial component of the bail conditions from $10,000 to $4000. Four cosigners to $250,000 bonds and $4000 provide ample assurance that the defendant will make all the appearances required and an additional $6000 (which he can't post) would not provide any greater assurance that he would do so or dissuade him from jumping bail.

                                         Respectfully,

                                         Roland Thau
                                         Staff Attorney
                                         Tel.: 212 417-8733
                                         Email: roland_thau@fd.org

cc: elisha.kobre@usdoj.gov