**Federal Defenders**
OF NEW YORK, INC.

MEMO ENDORSED

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700  Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

April 29, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5-15-24

**BY ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   **United States v. Carlos Lopez-Mejia**
      **14-CR-226 (ALC)**

Dear Judge Carter:

Carlos Lopez, through undersigned counsel, respectfully presents this letter in support of his request for early termination of supervised release. To date, Mr. Lopez has completed nearly three years of his four-year term of supervised release, and he has spent all of this time trying to prove to the Court that he is making good on his commitment not to end up before your honor once again. However, with a new added responsibility of being a single dad with full custody of an 8-year-old son with PTSD, ADHD, and Autism, terminating the remaining term of Mr. Lopez's supervised release would provide the flexibility that he needs to move his son to a more spacious and affordable area, as well as create memories by traveling together. It is with these things in mind that Mr. Lopez respectfully asks the Court to grant the requested relief.

1

## I. Background

On April 10, 2014, Mr. Lopez appeared before a United States Magistrate Judge in the Southern District of New York to face a drug conspiracy charge. He was released on bond approximately a month later after satisfying all the conditions set by the Judge.

After an initial jury trial resulted in a mistrial, Mr. Lopez pled guilty on May 3, 2016 to one count of Conspiracy to Distribute Narcotics. He was sentenced on August 12, 2016 to seventy two months in prison followed by four years of supervised release. Dkt. 130. Mr. Lopez's four-year term of supervised release began in approximately July 2021.

For the past three years, Mr. Lopez has shown himself to be a trustworthy individual who no longer needs Court oversight. After initially being unhoused and having to reside at various shelters following his release from prison, Mr. Lopez worked hard to obtain employment with Amazon in July 2022, where he worked until March 2023. From there, he got a job as an Executive Chef at a restaurant called Flor De Mayo. As discussed further below, he served in that capacity from March 2023 through September 2023, before having to leave to give more attention to his 8-year-old son, who is diagnosed with PTSD, ADHD, and Autism.

Mr. Lopez is now a single father who gained full custody of his son in August 2022. As his son's needs increased, Mr. Lopez made the noble decision to prioritize his son over everything else. To that end, he left his job as a chef, and began to care for his son full time. To support themselves, Mr. Lopez has done odd jobs, such as Uber Eats delivery and fixing computers. They also receive SSI for his son, which helps alleviate some of their living expenses.

For approximately the past ten months, Mr. Lopez and his son have lived in a one-bedroom apartment in the Bronx. While things are stable at the moment, he desires to provide more for his son by way of space and disposable income. With the ever-increasing cost of living in New York

City, and the limited space one gets in return, one of Mr. Lopez's main reasons for seeking early termination of supervised release is to have the flexibility to move he and his son outside of the city, where they can save more money and have a big enough place to each have their own rooms. Additionally, he desires to create more memories with his son by traveling. His current supervised release conditions, however, restrain his ability to pursue these goals.

Undersigned counsel has conferred with Mr. Lopez's probation officer about this request for early termination. While the probation officer noted that her office takes no position on the request, she did provide that Mr. Lopez has performed well, has been caring for his 8-year-old son, and has been seeking full-time employment. Moreover, the probation officer noted that Mr. Lopez's last positive UA was over a year ago, and based solely on the presence of marijuana.

## II.     The Court has Discretion to Terminate Supervision Early

The decision whether to grant early termination of supervised release lies in the discretion of the district court. *See United States v. Sheckley*, 1997 WL 701370, at *1 (2d Cir. 1997) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Under 18 U.S.C. § 3583(e), the Court must first consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence and rehabilitation. After considering the sentencing factors, the Court may terminate supervision at any time after the expiration of one year, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Notably, the United States Sentencing Guidelines encourage courts to exercise their authority to terminate supervised release early in appropriate cases. *See* U.S.S.G. § 5D1.2, cmt. (n.5). Appropriate cases for early termination include those in which a defendant demonstrates a change in circumstances or exceptionally good behavior that renders a previously imposed

supervision term unduly harsh or inappropriately tailored. *See Lussier*, 104 F.3d at 36.

### III. No Further Supervision is Warranted in this Case

The need for further supervision in this case has run its course due to Mr. Lopez's exceptionally good behavior. Indeed, he has no new reported arrests or violations, has a stable home, is adequately providing for his child and, while currently unemployed due to the needs of his son, has shown an ability to obtain and hold such employment. In short, the goals of supervision have been met. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life.").

In addition to his exceptionally good behavior, changed circumstances warrant early termination of supervision. When Mr. Lopez was sentenced, he could not have anticipated becoming a single dad who would gain full custody of a son diagnosed with, among other things, Autism. Given this new development, the current conditions of release, which restrict his ability to move his son out of New York to a more affordable and spacious location, and to create memories with his son by traveling out of district, have become unduly burdensome. He thus asks the Court for relief in the form of early termination of supervised release.

Considering that Mr. Lopez has completed over half of his supervised release term, has had no revocations of his release, and is performing exceptionally well, early termination of supervised release is justified under 18 U.S.C. § 3583(e) and in the interests of justice.

### IV. Conclusion

For all of the reasons stated herein, including Mr. Lopez's exceptionally good behavior while on supervision and his need for flexibility in caring for his son, Mr. Lopez respectfully asks the Court to terminate the remaining term of his supervised release.

Respectfully Submitted,
/s/
Kristoff I. Williams
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8791

Cc: United States Probation Officer Amber Wilton (Amber_Wilton@nysp.uscourts.gov)

The application is ✓ granted.
_ denied.

*[signature]*
Andrew L. Carter Jr, U.S.D.J.
Dated: May 15, 2024
NY, New York